UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22005-Civ-COOKE/GOODMAN

BDT INVESTMENTS, INC.,

    Judgment Creditor,

vs.

LISA, S.A.,

    Judgment Debtor,

BANCO SANTANDER INTERNATIONAL,

    Garnishee.
_____/

## MOTION FOR ENTRY OF FINAL JUDGMENT

Garnishee Banco Santander International ("BSI") and Interested Party Villamorey, S.A. ("Villamorey"), pursuant to Rules 58(b) and 58(d) of the Federal Rules of Civil Procedure, hereby file this *Motion for Entry of Final Judgment* (the "Motion") in the above-captioned garnishment proceeding and in support thereof respectfully state as follows:

1. The above-captioned proceeding involves litigation concerning a writ of garnishment (the "Writ of Garnishment") that was issued in favor of BDT Investments, Inc. (as Garnishor) and served upon BSI (as Garnishee) in the matter of *BDT Investments, Inc. v. Lisa S.A.*, Case No. 2017-004616-CA-01, filed in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court Garnishment Action").

2. On May 18, 2018, BSI removed the State Court Garnishment Action to this Court pursuant to 12 U.S.C. § 632. [ECF No. 1].

3. On May 17, 2019, BSI filed a *Motion for Judgment on the Pleadings* [ECF No. 155] (the "Motion for Judgment on the Pleadings") seeking entry of judgment in its favor on the grounds that the Writ of Garnishment had dissolved automatically by operation of law.

4. On August 9, 2019, BSI filed a *Motion for Summary Judgment* [ECF No. 212] ("BSI's Summary Judgment Motion"), which sought entry of summary judgment in its

1

favor on numerous grounds, including on the basis that the Writ of Garnishment had dissolved automatically by operation of law.

5.   On August 9, 2019, interested party, Villamorey, filed its *Motion for Summary Judgment* [ECF No. 218] ("Villamorey's Summary Judgment Motion"), which sought entry of summary judgment on numerous grounds, including on the basis that the Writ of Garnishment had dissolved automatically by operation of law.

6.   On September 4 and September 5, 2019, this Court entered endorsed orders referring the above-referenced motions to Magistrate Judge Jonathan Goodman.  [ECF Nos. 242 and 254.]

7.   Following full briefing by all interested parties and multiple hearings, on October 31, 2019, Magistrate Judge Jonathan Goodman filed his *Omnibus Report and Recommendations on Pending Referred Motions* [ECF No. 327] (the "R&R"), which recommended that this Court (i) grant BSI's Motion for Judgment on the Pleadings, (ii) grant BSI's Summary Judgment Motion insofar as it relates to the automatic dissolution of the Writ of Garnishment, but deny any further relief thereunder as it relates to all other theories, (iii) grant Villamorey's Summary Judgment Motion insofar as it relates to the automatic dissolution of the Writ of Garnishment, but deny any further relief thereunder as it relates to all other theories, and (iv) deny relief on all other pending motions referred to Magistrate Judge Goodman as more particularly set forth in the R&R.

8.   On February 7, 2020, this Court entered its *Omnibus Order Adopting Magistrate Judge's Report and Recommendation* [ECF No. 367] (the "Omnibus Order"), which (i) granted BSI's Motion for Judgment on the Pleadings, (ii) granted BSI's Summary Judgment Motion only as it relates to the automatic dissolution of the Writ of Garnishment, (iii) granted Villamorey's Summary Judgment Motion only as it relates to the automatic dissolution of the Writ of Garnishment, and (iv) and denied relief on all other motions referenced in Magistrate Judge Goodman's R&R.

9.   On February 12, 2020, the Court held a Calendar Call in this matter.  During the Calendar Call, counsel for all parties agreed that this Court's Omnibus Order obviates the need for any trial in this matter, as this Court has ruled that the Writ of Garnishment has dissolved by operation of law and is no longer effective.  Counsel for BDT told the Court:

>   Plaintiff is ready for trial. The one issue is Your Honor's order adopting the report and recommendation ruled that the [Writ of Garnishment] had expired by operation of law. We are ready for trial to the extent Your Honor either reconsiders that ruling or holds it in abatement, but to the extent it doesn't, we don't see how there could be a trial if the writ expired by operation of law. . . . [R]ight now we don't see how we can go to trial on the current posture.

See Transcript of Calendar Call, attached as **Exhibit A** hereto, at 3–4.

10. During the Calendar Call, the Court noted that, if a trial in this matter is no longer required, the parties should file an order for final judgment in this case. Ex. A at 6. In accordance with (i) the Court's directive, (ii) the requirements of Fla. Stat. § 77.28, which governs this proceeding and requires entry of final judgment with respect to this matter, (iii) this Court's instructions that any form of final judgment that is submitted to the Court can reserve jurisdiction for the Court to address requests for attorney's fees and costs pursuant to Fla. Stat. § 77.28, see Ex. A, at 6, and (iv) Rules 58(b) and 58(d) of the Federal Rules of Civil Procedure, the Movants have respectfully filed this Motion.

11. This Court's Omnibus Order is a final order. *See, e.g., Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (noting that "[a] final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.") (*quoting World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009)).

12. Rule 58(d) provides that a party may request entry of a final judgment "set out in a separate document." Rule 58(b)(1)(C) of the Federal Rules of Civil Procedure provides that, where the court denies all relief (as it has done in this case by finding that the Writ of Garnishment has dissolved), the clerk must promptly prepare, sign, and enter judgment unless the Court orders otherwise.

13. Accordingly, pursuant to Fed. R. Civ. P. 58(b)(1)(C), or, alternatively, pursuant to Fed. R. Civ. P. 58(b)(2)(B)—which provides for approval of a form of judgment when the Court grants other relief not specified in subdivision (b)—the Movants respectfully seek entry of final judgment in their favor in this proceeding.

WHEREFORE, in accordance with the Omnibus Order, BSI and Villamorey respectfully request that this Court enter final judgment in their favor substantially in the form of the Final Judgment that is attached hereto as **Exhibit B**.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Undersigned counsel certifies that on February 14, 2020, counsel for Villamorey conferred by email with counsel for all parties in a good-faith effort to resolve by agreement the matters set forth in this Motion. BDT Investments, Inc. does not agree with the form of Final Judgment submitted with this Motion and has filed its own form with this Court. As of the time of this filing, Lisa, S.A. has not provided any response regarding its position as it relates to the Motion.

## **VERIFICATION**

I, Annette C. Escobar, Esq., as one of the attorneys for Villamorey, verify under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2020.

/s/ *Annette C. Escobar*

Dated: February 14, 2020

Respectfully submitted,

| | |
|---|---|
| Gunster, Yoakley & Stewart, P.A.<br>600 Brickell Avenue<br>Suite 3500<br><br>Tel: (305) 376-6000<br>Fax: (305) 376-6010<br><br>By:  */s/ Clinton R. Losego*<br>       Clinton R. Losego<br>       FBN: 818054<br>       closego@gunster.com<br>       Timothy J. McGinn<br>       FBN: 1000377<br>       tmcginn@gunster.com<br><br>*Counsel for Garnishee Defendant*<br>*Banco Santander International* | Sequor Law, P.A.<br>1111 Brickell Avenue<br>Suite 1250<br>Miami, Florida 33131<br>Tel: (305) 372-8282<br>Fax: (305) 372-8202<br><br>By:  */s/ Fernando J. Menendez*<br>       Edward H. Davis<br>       FBN: 704539<br>       edavis@sequorlaw.com<br>       Fernando J. Menendez<br>       FBN: 18167<br>       fmenendez@sequorlaw.com<br><br>*Counsel for Villamorey, S.A.*<br><br>ACE Law Firm<br>201 S. Biscayne Boulevard<br>Suite 800<br>Miami, Florida 33131<br>Tel: (305) 542-0544<br>Fax: (305) 542-0540<br><br>By:  */s/ Annette C. Escobar*<br>       Annette C. Escobar<br>       FBN: 369380<br>       aescobar@acelawfirm.com<br><br>*Counsel for Villamorey, S.A.* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document is being served on this 14th day of February, 2020, on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ Annette C. Escobar
Annette C. Escobar

## SERVICE LIST

| | |
|---|---|
| David M. Levine, Esq.<br>Fausto Sanchez, Esq.<br>*Sanchez Fischer Levine, LLP*<br>8201 Peters Road, Suite 1000<br>Plantation, FL  33324<br>Phone: (954) 315-0209<br>dlevine@sfl-law.com<br>fsanchez@sfl-law.com<br>eservice@sfl-law.com<br><br>**Counsel for BDT Investments, Inc.** | Allan A. Joseph, Esq.<br>*Fuerst Ittleman David & Joseph*<br>SunTrust International Center<br>One Southeast Third Avenue<br>Suite 1800<br>Miami, FL  33131<br>Phone: (305) 350-5690<br>Fax: (305) 371-8989<br>ajoseph@fidjlaw.com<br>lcabrera@fidjlaw.com<br><br>Andrew J. Durkovic, Esq. (*pro hac vice*)<br>*Amsterdam & Partners, LLP*<br>Canal Square<br>1054 31st Street, N.W.<br>Suite 100<br>Washington, D.C. 20007<br>Phone: (202) 559-3499<br>a.durkovic@amsterdamandpartners.com<br><br>Elizabeth Price Foley, Esq.<br>*Baker Hostetler, LLP*<br>1050 Connecticut Avenue, N.W.<br>Suite 1100<br>Washington, D.C. 20036<br>Phone: (202) 861-1500<br>Fax: (202) 861-1783<br>efoley@bakerlaw.com<br><br>**Counsel for Lisa S.A.** |